Filed 5/14/13  P. v. Sharp CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL SHARP,<br><br>    Defendant and Appellant. | D062499<br><br><br><br>(Super. Ct. No. SCD234009) |


APPEAL from an order of the Superior Court of San Diego County, David M. Szumowski, Judge.  Affirmed.


Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Michael Sharp appeals from an order revoking his probation for a drug possession charge (Health & Saf. Code, § 11350, subd. (a)) admitted by guilty plea in July 2011, and his sentence to the low term of 16 months on probation revocation (Pen. Code, § 1237,

subd. (b)).[1]  On appeal, Sharp's counsel has advised that examination of the record reveals no arguable issues.  (*Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We conclude there are no arguable issues and affirm.

BACKGROUND

By a plea of guilty on July 11, 2011, Sharp admitted one count of violating Health and Safety Code section 11350, subdivision (a).  For that offense, he was sentenced to probation and to the Proposition 36 drug court program.

On June 21, 2012, Sharp was arrested based upon his alleged involvement in a fight that had occurred June 17th.  At the time of arrest, Sharp was searched and officers found a baggie containing marijuana and a glass pipe in his pants pocket.

On June 28, Sharp waived an evidentiary hearing on the probation violation allegation and admitted having possessed drug paraphernalia and marijuana.  Sharp denied violating probation by committing a battery with serious bodily injury.  (§ 243, subd. (d).)  Probation was revoked.  Sharp's counsel argued for reinstatement of probation or, alternatively, for imposition of a 16-month sentence, with Sharp housed in local custody.  The prosecutor argued that given the serious nature of the battery allegations, Sharp should be sentenced to a two-year term, and that she believed he was able to be housed locally but was unsure.  The court inquired as to whether battery charges had been brought.  The prosecutor informed the court that a complaint had not been filed, but there

---

[1]     All further references are to the Penal Code.

2

was still time to do so; defense counsel pointed out that the jail screen indicated the district attorney had chosen not to file charges. The court continued the hearing to "track . . . down" the status of new charges, stating "that would make a difference on what I do here." The probation officer attending the hearing stated it had been checked and confirmed that Sharp was eligible to serve any sentence discussed locally (under the Criminal Justice Realignment Act of 2011). (§ 1170, subd. (h).)

Approximately three weeks later, on July 19, the probation revocation hearing resumed. Defense counsel argued for a sentence of 16 months local, and informed the court no battery charges were brought. The prosecutor confirmed that no charges were being filed, but noted in the underlying case Sharp possessed .06 grams of methamphetamine and that Sharp has a significant criminal history. The People concurred with the probation department's recommendation to reinstate a grant of formal probation pursuant to section 1203, with conditions.

The trial court denied probation, citing Sharp's unsatisfactory performance on probation. (Cal. Rules of Court, rule 4.414(b)(2).) It sentenced Sharp to county jail for a term of 16 months and awarded him 242 days credit. The court then stated "no split, no tail; delete fines, fees and costs of probation." It imposed fines of $240 pursuant to section 1202.4, subdivision (b) and $200 pursuant to section 1202.44.

## DISCUSSION

As stated above, appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal, but asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436.

3

Counsel mentioned no possible, but not arguable issues, pursuant to *Anders*, *supra*, 386 U.S. 738.

We granted Sharp permission to file a brief on his own behalf. He has not responded. A review of the record pursuant to *Wende* and *Anders*, has disclosed no reasonably arguable appellate issues.

Sharp has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

_____
                                                                                                    IRION, J.

WE CONCUR:


_____
            HUFFMAN, Acting P. J.


_____
            McINTYRE, J.

4